FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12/19/2003
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| TYRELLE DALY | CIVIL ACTION NUMBER: 03-1018 |
| VERSUS | JUDGE DOHERTY |
| ORTHO-MCNEIL PHARMACEUTICAL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

This matter comes before the Court on a Motion to Remand filed on behalf of plaintiff, Tyrelle Daly, seeking to remand this matter to the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, on the basis there does not exist complete diversity as required for this Court to exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332, as plaintiff and two of the originally named defendants, Dr. Stephen Snatic and his nurse, Michelle Crane, as well as the recently named defendant, Spence Allen, Ortho-McNeil Pharmaceutical, Inc.'s ("Ortho-McNeil") territorial representative, are Louisiana domiciliaries. Plaintiff filed a First Supplemental and Amended Complaint adding Mr. Allen during the pendency before this Court of her original Motion to Remand.

This Court sought guidance from counsel with regard to the naming of Mr. Spence Allen, a non-diverse defendant, and in response, plaintiff submitted a Supplemental Memorandum in support of her Motion to Remand, while Ortho-McNeil filed a Motion to Strike Plaintiff's First Supplemental and Amended Complaint naming Mr. Allen as an



additional defendant. This Court is now in receipt of all briefing, having continued its consideration of both the Motion to Remand and the Motion to Strike to its present motion calendar.

In its original response to plaintiff's Motion to Remand, Ortho-McNeil asserted both Dr. Snatic and Nurse Crane were covered by the Patients Compensation Fund; and therefore, not subject to suit until such proceedings are resolved under the Louisiana Medical Malpractice Act, La. Rev. Stat. art. 40.1299.47.

However, subsequent briefing received from Ortho-McNeil reveals Nurse Crane is not covered by the Patients Compensation Fund, as either an individual or as an employee of Dr. Snatic. "Therefore, she is not a qualified health care provider under the Act and is not subject to the Act's mandate that a Panel proceed against her prior to the institution of litigation." *See* Ortho-McNeil's Motion to Strike Plaintiff's First Supplemental and Amended Complaint, pp. 7, 8.

Plaintiff has, also, named in her First Supplemental and Amended Complaint, Spence Allen, Ortho-McNeil's territorial representative, who also is a non-diverse defendant. As previously stated, Ortho-McNeil has filed a Motion to Strike Plaintiff's First Supplemental and Amended Complaint naming Mr. Allen, on the basis he has been fraudulently joined to defeat diversity jurisdiction. Ortho-McNeil asserts Dr. Snatic, Nurse Crane and Spence Allen all have been fraudulently joined by plaintiff in order to defeat this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### The Law

Removal of actions brought in state court is governed by 28 U.S.C. § 1441. When

a plaintiff brings suit in state court § 1441 allows the defendant to remove the action, if it is one over which the district courts of the United States have jurisdiction, either by virtue of federal question or diversity, to the district court of the United States for the district and division embracing the place where the action is pending.

### Fraudulent Joinder

The recent Fifth Circuit case of Ross v. Citifinancial, Inc., 344 F.3d 458 (5th Cir. 2003) succinctly describes the recent jurisprudence issued by the Fifth Circuit on the issue of fraudulent joinder of non-diverse defendants. The Fifth Circuit in Ross states:

> Fraudulent joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse plaintiff. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999)). At issue is the standard to be applied for the second of the two means for showing fraudulent joinder.

As in Ross, supra, the issue before this Court is the standard to be applied for the second of the two means for showing fraudulent joinder. In reviewing the recent jurisprudence on the issue of fraudulent joinder issued by the Fifth Circuit, the Court in Ross further states:

> Our opinions have described the fraudulent joinder standard in various ways. Recent opinions, however, have clarified that standard. "Any argument that a gap exists between the 'no possibility' and 'reasonable basis' of recovery language was recently narrowed, if not closed". *Travis,* 326 F.3d at 648. The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002). This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.*; *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir.2000) (rejecting contention that theoretical possibility of recovery is enough to support no fraudulent joinder, citing "reasonable basis" standard); *Griggs,* 181 F.3d at 701 ("While the burden

3

of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist".).

Nonetheless, the burden of persuasion on those claiming fraudulent joinder remains a heavy one. *Travis*, 326 F.3d at 648. Along these lines, our court has recognized the similarity between standards for Federal Rule of Civil Procedure 12(b)(6) (failure to state claim) and fraudulent joinder. *Id. See Great Plains Trust*, 313 F.3d at 312. The scope of the inquiry for fraudulent joinder, however, is broader than that for Rule 12(b)(6).

For fraudulent joinder *vel non*, it is well established that the district court may "pierce the pleadings" and consider summary judgment-type evidence. *Travis*, 326 F.3d at 648-49 (citing *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990)). In conducting this inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff". *Travis*, 326 F.3d at 649. In addition, the court must resolve all ambiguities of state law in favor of the non-removing party. *Id.*

This Court is further guided by the recent Fifth Circuit opinion of <u>Collins v. American Home Products Corp.</u>, 343 F.3d 765 (5th Cir. 2003) wherein Judge Garza states:

> "[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). In a recent opinion, this Court applied the following holding from the Third Circuit's decision in *Boyer v. Snap-On Tools Corporation*, 913 F.2d 108 (3d Cir.1990):
>
>> [W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non- diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court. *Smallwood v. Ill. Cent. R.R. Co.*, --- F.3d ----, ----, (5th Cir.Aug. 7, 2003).

In <u>Collins</u>, <u>supra</u>, the Fifth Circuit reversed the district court's denial of remand on the basis that the non-diverse defendants had been fraudulently joined. In <u>Collins</u>, the

4

Fifth Circuit stated:

> Here, the defendants successfully convinced the district court to rule on a common defense under the pretense of determining whether the Mississippi defendants had been fraudulently joined. As we stated in *Smallwood*, "[t]his use of fraudulent joinder frustrates the overarching principle of the well- pleaded complaint rule, that state courts are equally competent to decide federal defenses."

(other citations omitted).

### Dr. Stephen Snatic

As previously stated in this Memorandum Ruling, pursuant to La. Civ. Code art. 40:1299.47(B)(1)(a)(i), the Louisiana Medical Malpractice Act requires:

> That no action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint as been presented to the Medical Review Panel.

Therefore, by the statute's clear language, it is uncontroverted a plaintiff is procedurally barred on the basis of prematurity from asserting her claim in a court of law against a health care provider such as Dr. Snatic without first complying with the Act.

This Court has reviewed the jurisprudence surrounding the issue of plaintiff's dilemma when suit against a health care provider and a manufacturer are necessary to join all parties in a litigation. This quandary was succinctly discussed by Magistrate Judge Payne in his opinion of Johnson v. Scimed, Inc., 97 F.Supp. 2d 587 (W.D. of La., 2000). In said ruling, Judge Payne states:

> Finally, practical considerations weigh heavily in favor of finding no fraudulent joinder and remanding the case now. If the court were to find fraudulent joinder and maintain jurisdiction of the claim against Scimed, it would face the troublesome situation described at the beginning of this opinion. Once the medical review panel proceedings are completed, the plaintiffs will file a motion to amend this lawsuit to add the non-diverse doctors and hospital so that all of the closely interrelated claims arising out

5

of the death of Mrs. Johnson can, quite sensibly, be litigated in one proceeding. As noted, a conscientious application of the *Hensgens v. Deare & Co.* 833 F.2d 1179 (5th Cir. 1987) factors usually compels the court to permit the joinder of those defendants. That joinder then mandates that the entire case be remanded to state court. 28 U.S.C. § 1447(e); *Hensgens; Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999) (reaffirming *Hensgens*). This is not mere speculation. This court has seen that precise scenario unfold many times in similar cases. To refuse remand now simply results in the case proceeding needlessly through this court for months, expending the resources of the court and perhaps filling a spot on its trial calendar at the expense of the litigants in another case, when everyone knows that in all likelihood the case will eventually be remanded. These policy reasons do not permit the court to change the rules regarding jurisdiction, but they certainly may influence its choice of two reasonable lines of authority.

There are two lines of authority with regard to health care providers named in a litigation with the caveat that any claim made against the health care provider must first be reviewed by the Panel of the Patients Compensation Fund. The Eastern District of Louisiana, in a long line of cases, citations omitted, has consistently remanded these types of cases to state court in essence for the reasons cited by Magistrate Judge Payne in Johnson, supra. Other courts have considered suits against medical providers to be premature, and thus, have not considered the citizenship of the health care provider in its diversity determination at the time of removal and thus not remanded the matter back to state court until the health care provider was joined as a party to the litigation, thereby destroying the Federal Court's diversity jurisdiction.

However, this Court, after reviewing the recent Fifth Circuit opinion of Doleac v. Michalson, 264 F.3d 470 (5th Cir. 2001), is convinced that remand to state court, at this juncture, would serve both the litigants and judicial economy. In Doleac, the Fifth Circuit discusses the district court's joinder of a non-diverse defendant subsequent to

removal. At the time of removal, plaintiff named a number of "John Doe" defendants. Under 28 U.S.C. § 1441(a) "[d]efendants sued under fictitious names shall be disregarded" for the purposes of determining the Court's jurisdiction at the time of removal. However, § 1447(e) allows joinder and remand to state court if, after removal, "[t]he plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e).

In <u>Doleac</u>, the Fifth Circuit notes whether § 1441(a) also applies to parties substituted for "John Doe" defendants is an issue of first impression in our circuit. In <u>Doleac</u>, the district court allowed the addition of a non-diverse "John Doe" corporation, and thus, diversity was destroyed and the matter remanded pursuant to § 1447(e).

Therefore, this Court opines that based on <u>Doleac</u>, the ability of plaintiff to proceed against Dr. Snatic as a non-diverse defendant, subsequent to the completion of the review by the Panel would under the <u>Hensgens</u> factors and <u>Doleac</u>, require remand to the state court if not at this juncture, certainly when suit against Dr. Snatic is no longer premature.

Accordingly, for the additional reasons stated above, this matter is REMANDED to the 15th Judicial District Court, Parish of Lafayette, State of Louisiana.

**Motion to Strike**

As this Court has found remand is appropriate, this finding renders the Motion to Strike defendant, Spence Allen, filed on behalf of Ortho-McNeil, MOOT. Therefore, the Motion to Remand filed on behalf of plaintiff, Tyrelle Daly, [doc. #6] is hereby GRANTED. The Motion to Strike First Supplemental and Amended Complaint [doc.

7


#16] filed on behalf of Ortho-McNeil Pharmaceuticals, Inc. is hereby rendered MOOT.

THUS DONE AND SIGNED this ____ day of _____, 2003.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 12-22-03
BY: ___
TO: Audrey Irwin